**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **DANIELLE SIMPSON,** | § | |
| Petitioner, | § | |
| vs. | § | No. 1:04cv485 |
| **DOUG DRETKE, Director**, Texas Department of Criminal Justice, Correctional Institutions Division, | § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Danielle Simpson has filed a third motion for funds to obtain investigative and expert assistance. The Court, having considered the circumstances alleged and authorities cited in the motion and response, finds that it is not well-taken and it will be denied.

In 2000, Simpson was convicted of capital murder. During the punishment determination phase of his trial, he introduced evidence that he suffered from brain damage and that his intelligence and adaptive functioning were on the borderline of mental retardation. Under the law in effect in the State of Texas at that time, mental retardation was considered a factor which the jury could, but was not required to, consider as a factor mitigating against a death sentence. The jury sentenced Simpson to death.

Simpson appealed his conviction and sentence to the Texas Court of Criminal Appeals. While his appeal was pending, the Supreme Court of the United States held that executing the mentally retarded violated the Eighth Amendment ban against cruel and unusual punishment. *Atkins v. Virginia*, 503 U.S. 304 (2002). Simpson then filed a request for post-conviction relief in state court, claiming that because he was mentally retarded, he could not be executed. He submitted additional evidence to the state court

to support his claim; that court considered some of the new evidence, refused to consider the rest on the ground that it was untimely, and denied Simpson's request for an evidentiary hearing. The court then denied the claim on the merits. Simpson then filed an application for a writ of *habeas corpus* with this Court. He has requested the Court to authorize him to spend up to $7,500 to hire experts to help him obtain additional evidence that he is mentally retarded.

21 U.S.C. Sec. 848(q)(9) provides that a court may authorize funds for investigative, expert or other services if it finds that such services are reasonably necessary for the representation of the petitioner. Simpson contends that additional evidence to support his mental retardation claim is necessary. 28 U.S.C. Sec. 2254 (d)(2) provides, however, that an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a sate court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Simpson is in custody pursuant to the judgment of the courts of the State of Texas, and his claim of mental retardation was adjudicated on the merits in his state post-conviction proceedings. Accordingly, under this statute, the scope of the Court's review in these proceedings is whether the state court's denial of Simpson's mental retardation claim was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Because the unambiguous language of 28 U.S.C. Sec. 2254(d)(2) limits this Court's review to the evidence presented in the state court proceedings, it does not appear that the evidence which would be produced by investigative or other expert services at this time could be considered by the Court. Indeed, authorizing funding to obtain new evidence would rarely be "reasonably necessary" in cases in which

section 2254(d)(2) is applicable.

Simpson argues that section 2254(d)(2) does not limit the Court's consideration to the evidence presented in the state court proceedings. First, he contends that he was denied a full and fair opportunity to develop his claim in state court, because the state court denied his request for an evidentiary hearing and refused to consider some of the evidence he offered. In *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001), *cert. denied* 537 U.S. 883 (2002), the United States Court of Appeals for the Fifth Circuit held that 28 U.S.C. Sec. 2254 applies to claims decided on the merits by the state court, regardless of whether a petitioner received a "full and fair opportunity" to develop his claims in that court. However, the court also noted that if the federal court had questions about the state court's adjudicative process, the federal court could allow the petitioner to develop and present new evidence and it could consider that new evidence in determining whether the state court's adjudication of the claim was reasonable. *See Valdez,* 274 F.3d at 951-52.

Recently, in the context of dissenting from a denial of a request to reconsider a panel opinion en banc, seven judges of the Fifth Circuit criticized the *Valdez* rule on this basis. See *Guidry v. Dretke*, 429 F.3d 154, 163 (5th Cir. 2005) In response, Judge Barksdale pointed out that the *Valdez* rule had never been raised or discussed in the underlying case and stated: "that section [2254 (d)(2)] and its interplay with evidence developed in a district court evidentiary hearing must await another appeal. The majority opinion takes *no* position on this issue." (emphasis in original), *Guidry*, 429 F.3d at 161.

The court has not yet considered the Petition for Writ of Habeas Corpus, nor the Answer, nor the recently filed Response. The court cannot question evidentiary rulings or the adjudicative process in the State courts when it has not reviewed the record or the arguments of the parties. Therefore the

court will apply the plain and unambiguous language of the statute and will not, at this time, grant Simpson's request for funding based upon his bare contention that he was denied a full and fair hearing.

Simpson next contends that even if the language in section 2254(d)(2) cannot be parsed in the way it was in *Valdez*, an exception to the applicability of the subsection is recognized in circumstances in which failing to allow a petitioner to obtain and present new evidence would lead to a fundamental miscarriage of justice, *i.e.,* the execution of an innocent man. Simpson argues that because he is mentally retarded, he is "innocent of the death penalty" in that he is not a member of the class of defendants for whom the death penalty may be constitutionally imposed. *See Sawyer v. Whitley*, 505 U.S. 333, 347 (1992).

While Simpson's argument that executing a mentally retarded inmate would constitute a fundamental miscarriage of justice is correct, his argument that the possibility of such a miscarriage of justice creates an exception to the applicability of section 2254(d)(2) is not. The risk of a fundamental miscarriage of justice provides an exception to applying the doctrine of procedural default. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Under that doctrine, if a state court refuses on procedural grounds to address the merits of a petitioner's federal constitutional claim, the federal courts will also refuse to consider the merits of that claim. *Matchett v. Dretke,* 380 F.3d 844, 848 (5th Cir. 2004), *cert. denied*, 543 U.S. 1124 (2005). In the present case, however, because the state court did adjudicate Simpson's mental retardation claim on the merits, the doctrine of procedural default, and any exceptions to the applicability of that doctrine, are immaterial.

Although Simpson's procedural default argument is legally incorrect, the general principle underlying his argument is valid. If a person is truly mentally retarded, and he fails, for whatever

reason, to develop and present sufficient evidence of this fact to the state court, the only way to prevent an unconstitutional execution would be to provide him with an opportunity to obtain and/or present evidence to prove that he is ineligible for execution. Simpson will receive that opportunity if he chooses to pursue clemency proceedings. Because he has that option, this Court may not grant him relief on that ground in *habeas corpus*. *See Herrera v. Collins,* 506 U.S. 390, 417 (1993). Because Simpson's actual innocence claim is not cognizable in *habeas corpus*, it is not reasonably necessary that he receive funding for expert assistance to develop evidence to support that claim.

Simpson next argues that expert and investigative assistance is reasonably necessary in order to prepare his federal petition. The Court disagrees. In order to state a claim for relief, Simpson needed to allege facts which, if true, would establish that the state court's findings were unreasonable, in light of the evidence presented to it. Although under certain circumstances expert assistance might be helpful in critiquing a state court's decision, in the present case Simpson did not request funding for that purpose; instead, he requested funding for expert assistance to develop new evidence to support his claim that he is mentally retarded. There is no indication yet that the full record of proceedings before the State courts, including evidence which was offered but not considered, is not available for review. The Court therefore finds that the expert assistance Simpson seeks is not reasonably necessary to prepare his petition.

Simpson's final argument is that recent Fifth Circuit case law supports allowing him to submit new evidence to the Court. In *Morris v. Dretke,* 413 F.3d 484 (5th Cir. 2005), the court did allow an inmate seeking relief in *habeas corpus* to present new evidence to the federal court in support of his claim that he was mentally retarded. The distinction between that case and the present case, however, is that in *Morris* the state court dismissed the inmate's petition for post-conviction relief as an abuse

of the writ, and thus, never adjudicated his mental retardation claim on the merits. As a result, the restrictive scope of review of 28 U.S.C. Sec. 2254 (d)(2) ( whether the state court's adjudication of the claim was unreasonable in light of the evidence presented in the state court proceedings) was not applicable. As previously discussed, the state court did adjudicate Simpson's mental retardation claim on the merits, so the statute does apply. There is no reason that it would be reasonably necessary to develop new evidence of mental retardation so long as the scope of the court's review is limited to evidence presented to the state court.

For the above reasons, IT IS ORDERED that Simpson's third motion to obtain funds for investigative and expert assistance (docket entry # 12), is DENIED.

So **ORDERED** and **SIGNED** this **27** day of **March, 2006.**

Ron Clark, United States District Judge