** NOT FOR PRINTED PUBLICATION **
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIELLE SIMPSON, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | Civil Action No. 1:04-CV-485 |
| v. | § | |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | JUDGE RON CLARK |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent.* | § | |

## ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY

Petitioner Danielle Simpson was convicted in Texas state court of capital murder in December 2000. His conviction was affirmed on direct appeal in October 2003, *Simpson v. State*, 119 S.W.3d 262 (Tex. Crim. App. 2003), and the Texas Court of Criminal Appeals affirmed the trial court's denial of state habeas relief on June 30, 2004. *Ex Parte Simpson*, 136 S.W.3d 660 (Tex. Crim. App. 2004).

Petitioner then filed his petition for writ of habeas corpus in this court on June 28, 2005, which was denied in its entirety on March 29, 2007 [Doc. # 32]. Petitioner applied for a certificate of appealability (COA) on all thirty-nine claims contained within his habeas petition. This court denied a COA on all claims save one, namely that the court erred in denying an evidentiary hearing on Petitioner's mental retardation claims. Petitioner appealed the denial of the COA, and the Fifth Circuit remanded the case on August 29, 2008 for the limited purpose of conducting an evidentiary hearing on Petitioner's mental retardation claims. This court issued its

Memorandum Opinion on January 8, 2009, concluding that Petitioner is not mentally retarded, as that term is defined by Texas state law; the American Association on Mental Retardation (AAMR) standard; or the Diagnostic Statistical Manual of Mental Disorders (DSM-IV) criteria, and denying his habeas corpus claims asserting mental retardation.[1]  Doc. # 97.  Petitioner now moves for a COA on his *Atkins* claim.

A COA is a jurisdictional prerequisite to appellate review of a final order in a habeas proceeding where the detention at issue arises out of a state court proceeding. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003).[2]  A COA

---

[1]Petitioner differentiates his *Atkins* claim (claim 8 in his habeas petition) into several subcategories in the instant motion for a COA.  However, only claim 8, which Petitioner stated was "Mr. Simpson is mentally retarded.  As held by the U.S. Supreme Court in *Atkins v. Virginia*, execution of an individual who is mentally retarded violates the Eighth Amendment Guarantee against cruel and unusual punishment of the U.S. Constitution," is actually found in his habeas petition. *See* Doc. # 11 at p. 86.  He added what he terms "claim 8B," namely that this court erred in failing to conduct an evidentiary hearing on his *Atkins* claim, in his first motion for a COA in 2007. Doc. # 35 at p. 3.  Claim 8C, denial of Petitioner's request for appointment of an investigator to assist in developing his *Atkins* claim, was raised outside of the habeas petition to this court by separate motions.  Docs. # 4, 9, 12.  This court's Order on Petitioner's request for a COA in 2007 was granted with respect to claim 8B, denied as unnecessary with respect to claim 8C, and denied on claim 8.  Doc. # 36, at p. 6.

[2]It is somewhat unclear whether Petitioner seeks leave to appeal the *Atkins* issue as determined by the court in its March 29, 2007 order denying habeas relief, Doc. # 32, or in its January 8, 2009 order denying his habeas claims asserting mental retardation.  Because the January 8 opinion issued following a three day evidentiary hearing; made findings of fact and conclusions of law on Petitioner's *Atkins* claim; and rendered moot any claim that Petitioner was not given investigate resources – as he was permitted funds to retain an investigator, two neuropsychologists and a neuroradiologist on remand – the January 8 opinion addresses Petitioner's *Atkins* claim in a more comprehensive manner than the previous order denying Petitioner's habeas claims did.  It therefore makes a great deal more sense to consider Petitioner's request for a COA on the *Atkins* issue with respect to the January 8 opinion and the record developed at the December 2008 evidentiary hearing, rather than on this court's original 2007 opinion denying habeas relief.  No matter which opinion Petitioner seeks to appeal, it appears that a COA is required for appellate review. *See Simpson v. Quarterman*, 291 Fed. App'x 622 at * 1 (5th Cir. Aug. 29, 2008) ("If any party or parties aggrieved by the district court's rulings on

may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(2); *see also Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). Where, as here, the petition was rejected on the merits, the Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). If Petitioner files notice of appeal or requests a COA, this court must either issue the COA or state why it should not issue. Fed. R. App. P. 22(b)(1). To the extent that Petitioner seeks a COA to appeal this court's original denial of funds for expert assistance, the Fifth Circuit has held that a COA is unnecessary. *Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005). Because this case involves the death penalty, any doubts as to whether a COA should issue must be resolved in Petitioner's favor. *Smith*, 422 F.3d at 273.

As detailed at length in the court's January 8, 2009 opinion, Petitioner's mental retardation claims have had a full airing. In addition to the thorough treatment of his claims in state court during the punishment phase and review of the state habeas petition,[3] this court

---

remand wish appellate review of same, such party or parties must file a notice of appeal and/or request for certificate of appealability, as appropriate under the circumstances."); *Gordon v. Quarterman*, 236 Fed. App'x 975 at *1 (5th Cir. June 25, 2007) (where appellate court vacated district court's denial of habeas relief on merits, remanded on the issue of whether the petition was time-barred, and district court found the petition to be time-barred, Petitioner was granted a COA on the issue of equitable tolling to the appellate court).

[3]During the punishment phase in state court, the defense called a psychologist; a pediatric neurologist; and a psychiatrist. It also introduced the results of the WISC-III and TONI-2 tests performed by the Anderson County Co-Op when Petitioner was 14 and 15; rebuttal testimony of the State's psychiatrist; letters written by Petitioner in 2000 while awaiting trial; and the testimony of his family members. The state habeas court also had the benefit of Petitioner's school records; his written statements to the police after the murder; twenty inmate request forms Petitioner submitted while in jail awaiting trial; more letters he wrote to friends and family from jail, including a letter to a venire panel member whose address he memorized during voir dire;

3

conducted a comprehensive three day evidentiary hearing in December 2008. During this hearing, the court heard the testimony of Petitioner's investigator/social worker Ms. Toni Knox and neuropsychologist Dr. Joan Mayfield, as well as that of Respondent's neuropsychologist Dr. Thomas Allen and educational psychologist Dr. Richard Hughes. The court also authorized Petitioner's request for an additional neuropsychologist, Dr. Cecil Reynolds, and a neuroradiologist, Dr. Kendall Jones. The reports of all these individuals were received in evidence, as were Petitioner's educational records and test results; the statements and testimony of his family members and teacher Ms. Rosa Huffman; and letters Petitioner wrote while in jail. After careful consideration of all the evidence before it, the court issued its January 8 opinion finding that Petitioner had not met his burden to demonstrate, by a preponderance of the evidence, that he is mentally retarded.

An evidentiary hearing in this court was appropriate because Petitioner's conviction preceded the 2002 *Atkins* decision. *Atkins* is by now settled law, and the record is now fully developed. Based on the available evidence and in light of the applicable standard of review, application of the law to the facts in this case compels the conclusion that Petitioner is not mentally retarded. Absent a change in the law or standards of evaluating mental retardation, this conclusion is not debatable among jurists of reason. Petitioner's request for a COA on his *Atkins* claim is therefore **DENIED.**

So **ORDERED** and **SIGNED** this **18** day of **February, 2009.**

Ron Clark, United States District Judge

---

and Petitioner's mental health records from the Texas Department of Criminal Justice (TDCJ), including a score of 84 on the TONI obtained shortly after his arrival on death row.